NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Paul DeHope,

        Plaintiff,

v.

New Jersey Department of Law and Public Safety, et al.,

        Defendants.

Civ. No. 11-3408

OPINION

THOMPSON, U.S.D.J.

      This matter has come before the Court on Defendants' the New Jersey Department of Law and Public Safety, the Office of the Attorney General, and the Division of State Police (collectively, "Defendants") Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6) [Docket #4], on Plaintiff Paul DeHope's Cross-Motion to Remand [9], and on Plaintiff's Application to Appoint Pro Bono Counsel attached to his Complaint [1-1].  The Court has decided these issues upon the submissions of the parties and without oral arguments pursuant to Fed. R. Civ. P. 78(b).  For the foregoing reasons, Defendants' Motion to Dismiss is granted, Plaintiff's Motion to Remand is denied, and Plaintiff's application to appoint pro bono counsel is denied as moot.

      **I.**    **Background**

      Plaintiff has filed a Complaint [1] against the Defendants in the matter raising claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*[1]  Plaintiff

---

[1] Plaintiff's Complaint was filed using a standardized *pro se* litigant form used to file Title VII claims.  Because Plaintiff is a *pro se* litigant, we construe the Complaint in the light most favorable to him.  *See Erickson v. Pardus*,

1

claims that he was subject to age discrimination because his employer admonished him for participating in duty-related training within two years of the mandatory retirement age. (Compl. ¶ 9). After participating in this training, the "[e]mployer subsequently subjected plaintiff to numerous re-assignments adding to a hostile and retaliatory work environment[,] which diminished promotional opportunity and caused severe health problems." (*Id.*).

The Defendants have moved to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff's ADEA claims are barred by the Eleventh Amendment to the United States Constitution and that his Title VII claims must be dismissed because age is not a protected category under the Civil Rights Act of 1964. Plaintiff has requested, and has been granted, two adjournments of the pending motion. (Order of Nov. 15, 2011 and Order of Dec. 1, 2011) [6, 7]. Despite this, Plaintiff has failed to file an opposition brief to Defendants' Motion to Dismiss. Instead, Plaintiff submitted a cross-motion asking this Court to remand the case to New Jersey Superior Court. In this cross-motion, Plaintiff concedes the applicability of Eleventh Amendment sovereign immunity to his federal claims.

## II.     **Legal Standard**

On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1947 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff.

---

551 U.S. 89 (2007). Therefore, the Court deems it proper to consider Plaintiff's claims under both Title VII and the ADEA.

2

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). But, the court should disregard any conclusory allegations proffered in the complaint. *Id.* Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. at 1949). This requires more than a mere allegation of an entitlement to relief. *Id.* "A complaint has to 'show' such an entitlement with its facts." *Id.* A claim is only plausible if the facts pleaded allow a court reasonably to infer that the defendant is liable for the misconduct alleged. *Id.* at 210 (quoting *Iqbal*, 129 S. Ct. at 1948). Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Id.* at 211 (quoting *Iqbal*, 129 S. Ct. at 194).

The issue of state sovereign immunity under the Eleventh Amendment, though normally brought pursuant to Rule 12(b)(1), is also properly considered on a motion to dismiss under Rule 12(b)(6). *See, e.g.*, *Carter v. City of Philadelphia*, 181 F.3d 339, 343 (3d Cir. 1999) (considering sovereign immunity under Rule 12(b)(6)); *Brown v. City of Camden (In re Camden Police Cases)*, Nos. 11-1315, 10-4757, 2011 U.S. Dist. LEXIS 92314, (D.N.J. Aug. 18, 2011) (same).

**III.     Discussion**

    A.   ADEA and the Eleventh Amendment

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. 11. Although by its express terms this Amendment applies only to suits by citizens of another state, it has long been established that the Eleventh Amendment also bars suits against a state by one of its own citizens. *See Hans v. Louisiana*, 134 U.S. 1, 20 (1890).

Sovereign immunity under the Eleventh Amendment extends to other state actors and agencies, "even though a State [itself] is not named a party to the action, so long as the State is deemed to be the real party in interest." *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008) (citing *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)). In the Third Circuit, "several factors [are considered] in determining whether a suit against an entity is actually a suit against the State itself, including: (1) the source of the money that would pay for the judgment; (2) the status of the entity under state law; and (3) the entity's degree of autonomy." *Id.* (citing *Fitchik v. N.J. Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989)). Here, all three Defendants are clearly the "state" for purposes of the Eleventh Amendment. *See, e.g.*, *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254–56 (3d Cir. 2010) (affirming district court's summary disposition of Eleventh Amendment issue where the state party was a subsidiary unit of the Pennsylvania Department of Public Works).

There are two main exceptions to the protection from suit afforded by the Eleventh Amendment: first, a State can consent to suit, *see Clark* v. *Barnard*, 108 U.S. 436, 447–48 (1883), which is not relevant in to the case at bar; and second, a federal statute promulgated pursuant to § 5 of the Fourteenth Amendment can abrogate this right, *see Fitzpatrick* v. *Bitzer*, 427 U.S. 445, 456 (1976). In *Kimel v. Fl. Bd. of Regents*, 528 U.S. 62, 72 (2000), the Supreme Court of the United States held that "the ADEA is not 'appropriate legislation' under § 5 of the Fourteenth Amendment." Therefore, "[t]he ADEA's purported abrogation of the States' sovereign immunity is accordingly invalid." *Id.* at 91; *see also Shahin v. Delaware*, 424 F. App'x 90, 92 (3d Cir. 2011) (dismissing ADEA claim on the basis of the Eleventh Amendment against the State of Delaware and the Delaware Department of Finance).

Lastly, the Court must address the relevance, if any, of Plaintiff's claim for injunctive relief. In his Complaint, DeHope has asked the Court to "grant such relief as may be

4

appropriate, including injunctive orders . . . ." Even though the Eleventh Amendment bars claims seeking retroactive relief (i.e., relief for past wrongs), no sovereign immunity exists for state officials where prospective relief is sought (i.e., relief from future wrong). *See Edelman v. Jordan*, 415 US. 651, 667–69 (1974). This distinction under the Eleventh Amendment is different from the distinction between mere equitable and legal relief. *Id.* Therefore, "relief that essentially serves to compensate a party injured in the past by the action of a state official, even though styled as something else, is barred by the Eleventh Amendment." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 697 (3d Cir. 1996). A district court should look to the substance of the claim in order to determine whether the relief sought is retroactive or prospective. *See id.* at 698.

In the present case, Plaintiff states that the alleged discriminatory acts are ongoing, (Compl. ¶ 5a), but Plaintiff also claims that he has been terminated,[2] (Compl. ¶ 9). Under the ADEA, reinstatement can generally be awarded to the Plaintiff, and when reinstatement is not feasible "front pay" may be awarded. *See* 29 U.S.C. 216(b) ("Any employer who violates the provisions of section 15(a)(3) of this Act shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 15(a)(3), including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages."). The Court of Appeals for the Third Circuit, however, has held that a "request for 'front pay' does not . . . fall within the boundaries of permissible relief" under the *Ex Parte Young* exception to the Eleventh Amendment. *Blanciak*, 77 F.3d at 698. Such relief is meant to remedy a past wrong—namely, the termination—and not as a form of relief from ongoing discrimination. This is particularly true in this case because Plaintiff would have

---

[2] This can also be inferred from two of Plaintiff's allegations contained in his Complaint: (1) that the discrimination occurred as a result of him taking part in duty related training within two years of mandatory retirement, (Compl. ¶ 9); and (2) the fact that this discrimination occurred more than two years ago, (Compl. ¶ 5). Thus, he has apparently already reached the age of mandatory retirement.

been forced to retire by now regardless of any discrimination based upon the mandatory retirement age. *See* note 2, *supra*. Such mandatory retirement schemes have been upheld by the Supreme Court of the United States. *See, e.g., Massachusetts Bd. of Retirement v. Murgia*, 427 U.S. 307 (1976) (upholding Massachusetts statute requiring state police officers to retire at age 50). Moreover, none of the named parties are state officials. Thus, the *Ex Parte* Young exception cannot apply. For these reasons, Plaintiff's ADEA claim must be dismissed.

        B.   <u>Title VII and Age Discrimination</u>

Title VII prohibits discrimination in the work place on the basis of five protected categories. *See generally* 42 U.S.C. § 2000e-2. These categories include "race, color, religion, sex, or national origin." *Id.* Age is not listed as a protected class under Title VII. *See, e.g.*, *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466 n.4 (1982) (noting that Title VII does not cover age discrimination claims). Thus, Plaintiff's claim for age discrimination under Title VII is not permitted and must be dismissed.

        C.   <u>Remand</u>

This case was opened to the Court by way of Plaintiff's Complaint [1]. At no point was this dispute being litigated in state court and subsequently removed to federal court. As such, this Court has no authority to remand the case to the Superior Court of New Jersey. *See Balazick v. Cnty. of Dauphin*, 44 F.3d 209, 217 n.10 (3d Cir. 1995). Therefore, Plaintiff's cross-motion will be denied.

**IV.** **Conclusion**

For the foregoing reasons, Plaintiff's Complaint fails to state a viable claim and Defendant's Motion to Dismiss is granted.³ Furthermore, because this Court is without authority to remand this case to New Jersey Superior Court, Plaintiff's cross-motion is denied and Plaintiff's application for the appointment of pro bono counsel is dismissed as moot.

                                                                           */s/ Anne E. Thompson*
                                                                           ANNE E. THOMPSON, U.S.D.J.

Date: December 9, 2011

---

³ To the extent that Plaintiff's Complaint can be construed to raise claims under New Jersey state law, such claims are dismissed for lack of jurisdiction. If Plaintiff wishes to be heard in state court, he must re-file a complaint with the proper court.